**CARLTON FIELDS**

ATTORNEYS AT LAW

**Chrysler Building**
405 Lexington Avenue | 36th Floor
New York, New York 10174-3699
212.785.2577 | fax 212.785.5203
www.carltonfields.com

Atlanta
Florham Park
Hartford
Los Angeles
Miami
**New York**
Orlando
Tallahassee
Tampa
Washington, DC
West Palm Beach

Natalie A. Napierala
Shareholder
212.785.2747 Direct Dial
nnapierala@carltonfields.com

February 18, 2025

By ECF

The Honorable P. Kevin Castel
United States District Judge
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007-1312

Re:   *Jane Doe v. Corey Shader*, 1:25-cv-00748-PKC

Dear Judge Castel:

Carlton Fields is counsel to Corey Shader ("**Mr. Shader**"), the defendant in the above-referenced action. Pursuant to Rule 3.A of this Court's Individual Practices in Civil Cases, we respectfully write to seek permission to file a motion to dismiss for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) or, in the alternative, a motion to transfer venue under 28 U.S.C. § 1404(a). This Court has scheduled an initial pretrial conference on March 24, 2025. ECF 10.

On January 24, 2025, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Mr. Shader filed a Notice of Removal of this action from the Supreme Court of the State of New York, County of New York to the United States District Court for the Southern District of New York. Notice of Removal, ECF 1.

The parties extended Mr. Shader's time to answer, move, or otherwise respond to the Complaint until February 23, 2025. Notice of Removal, ECF 1-11, Ex. K (Stipulation).

### I.     The Complaint's Allegations Related to Venue.

In a complaint filed in the Supreme Court of the State of New York, County of New York on December 17, 2024 ("**Complaint**"), Plaintiff Jane Doe ("**Plaintiff**") asserts three causes of action against Mr. Shader, including intentional infliction of emotional distress, battery, and assault in violation of CPLR § 215(9). *See* Notice of Removal, ECF 1-2, Ex. B (Complaint) ¶¶ 72-85.

Judge P. Kevin Castel
February 18, 2025
Page 2

Plaintiff resides in the state of New York and, upon information and belief, is domiciled in and is a citizen of New York. Notice of Removal, ECF 1 ¶¶ 13-14.

Mr. Shader resides, is domiciled in, and is a citizen of the state of Florida. *Id*. ¶¶ 15-16.

The Complaint is replete with allegations of events that occurred in the state of Florida. For example, Plaintiff alleges that in March 2022, she moved into Mr. Shader's home. *See* Notice of Removal, ECF 1-2, Ex. B ¶ 24. The Complaint alleges Mr. Shader resides in Florida. *Id*. ¶ 20. Many of Plaintiff's allegations arise from events that allegedly occurred in Mr. Shader's home in Florida. *Id*. ¶¶ 9, 25.

Plaintiff further alleges that from July 2022 until December 2022, she worked at Mr. Shader's company, Insurance Pipeline, Inc. ("**Insurance Pipeline**"). *Id*. ¶ 40. Although the Complaint does not allege its principal place of business, Insurance Pipeline is located in Fort Lauderdale, Florida.[1] The Complaint includes certain events that allegedly occurred at Insurance Pipeline. *Id*. ¶¶ 40-41.

Upon information and belief, a majority of the anticipated trial witnesses on behalf of Mr. Shader, including certain Insurance Pipeline employees and individuals invited to his home, as well as Mr. Shader's former spouse, reside in Florida.

## II.    Mr. Shader's Grounds for a Motion to Dismiss for Improper Venue.

Federal Rule of Civil Procedure 12(b)(3) permits district courts to dismiss claims for "improper venue." Pursuant to 28 U.S.C. § 1406(a), "[t]he district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." Venue cannot be proper in a federal district court unless the plaintiff files suit in:

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

---

[1] Insurance Pipeline, Inc. is a Florida corporation with its principal place of business in Fort Lauderdale, Florida 33306. *2025 Florida Profit Corporation Annual Report for Insurance Pipeline, Inc.*, FLA. DEP'T OF STATE, https://search.sunbiz.org/Inquiry/CorporationSearch.

Judge P. Kevin Castel
February 18, 2025
Page 3

28 U.S.C. § 1391(b). On a defendant's motion to dismiss for improper venue, "the burden of proof lies with the plaintiff to show that venue is proper." *GE Renewables N. Am., LLC v. SFK USA Inc.*, No. 23-cv-9274 (PKC), 2025 WL 437890, at *2 (S.D.N.Y. Feb. 7, 2025). "Upon a finding of improper venue, a court may either dismiss the action, or 'if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.'" *Id.* (quoting 28 U.S.C. § 1406(a)).

Here, Plaintiff cannot satisfy her burden to demonstrate that venue is proper under Section 1391(b). First, venue is not proper in the Southern District of New York under Section 1391(b)(1) because Mr. Shader – the only defendant in this action – is domiciled in Florida. Notice of Removal, ECF 1 ¶¶ 15-16. Thus, no defendant resides in the state of New York or in the Southern District of New York.

Second, Plaintiff alleges, in part, that venue is proper in New York County because "a substantial part of the acts giving rise to the claim occurred in New York." Notice of Removal, ECF 1-2, Ex. B ¶ 24. A majority - and the crux - of the Complaint's allegations, however, occurred in Florida. Under Section 1391(b)(2), "[t]o ascertain whether venue is proper . . . 'a court should identify . . . the acts or omissions that the plaintiff alleges give rise to [the] claims,' and then 'determine whether a substantial part of those acts or omissions occurred in the district where suit was filed.'" *Blakely v. Lew*, 607 F. App'x 15, 17 (2d Cir. 2015) (second alteration in original) (quoting *Daniel v. Am. Bd. of Emergency Med.*, 428 F.3d 408, 432 (2d Cir. 2005)).

The Complaint is replete with allegations that occurred in Florida. For example, Plaintiff alleges that in March 2022, she moved into Mr. Shader's home in Florida. Notice of Removal, ECF 1-2, Ex. B ¶ 24. Other allegations arise from events in Mr. Shader's home in Florida. *Id.* ¶¶ 9, 25, 37-39. For six months in 2022, Plaintiff alleges that she worked at Insurance Pipeline in Florida and, in fact, the Complaint includes a section titled "Shader's Harassment of Ms. Doe at the Workplace." *Id.* ¶¶ 40-45. Because many of the Complaint's allegations occurred either in Mr. Shader's home in Florida or at his business in Florida, significant and material events giving rise to this action took place outside of this District.

Plaintiff also cannot establish proper venue in this District because the Southern District of Florida is another "district in which an action may otherwise be brought." Mr. Shader is domiciled in Broward County, Florida and is subject to the Southern District of Florida's jurisdiction. *See Ford Motor Co. v. Mont. Eighth Jud. Dist. Ct.*, 141 S. Ct. 1017, 1024 (2021) (noting individual defendants are subject to general personal jurisdiction in the state in which they are domiciled).

The Southern District of Florida also possesses subject matter and original jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000. *See* 28 U.S.C. § 1332(a)(1); *see also* Notice of Removal, ECF 1 ¶¶ 11-17.

Judge P. Kevin Castel
February 18, 2025
Page 4

Plaintiff cannot meet her burden to show that venue is proper in the Southern District of New York under 28 U.S.C. § 1391(b). Accordingly, the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue.

### III.  Mr. Shader's Grounds for a Motion to Transfer Venue.

In the alternative, this action should be transferred, pursuant to 28 U.S.C. § 1404(a), from this District to the United States District Court for the Southern District of Florida for two reasons.

First, Plaintiff could have brought this action in the Southern District of Florida because Mr. Shader is domiciled in Florida and therefore is subject to general jurisdiction in the Southern District of Florida. And pursuant to 28 U.S.C. § 1332, the Southern District of Florida possesses federal subject matter jurisdiction over this action because Mr. Shader and Plaintiff are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.

Second, transfer of this action from this District to the Southern District of Florida is appropriate because (1) the locus of operative facts is in Florida, (2) a majority of Mr. Shader's anticipated trial witnesses are based in Florida, (3) the process to compel the attendance of unwilling witnesses is not available in New York for witnesses based in Florida, and (4) trial efficiency and the interest of justice support transfer.

#### A.  Plaintiff Could Have Brought this Action in the Southern District of Florida.

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). A motion to transfer pursuant to Section 1404(a) requires a two-step inquiry. *See Nuss v. Guardian Life Ins. Co. of Am.*, No. 20-cv-9189 (MKV), 2021 WL 1791593, at *2 (S.D.N.Y. May 5, 2021). A court must first determine if the action "might have been brought in the district to which transfer is sought." *Smart Skins LLC v. Microsoft Corp.*, No. 14 Civ. 10149 (CM), 2015 WL 1499843, at *4 (S.D.N.Y. Mar. 27, 2015) (internal quotation marks and citation omitted).

Plaintiff could have brought this action in the Southern District of Florida "if 'at the time the suit was brought, the defendant[ was] subject to jurisdiction and venue was proper' in that district." *Id*. (quoting *Giuliani, S.p.A. v. Vickers, Inc.*, 997 F. Supp. 501, 502 (S.D.N.Y. 1998)); *see also Posven, C.A. v. Liberty Mut. Ins. Co.*, 303 F. Supp. 2d 391, 401 (S.D.N.Y. 2004) ("For the purposes of section 1404(a), an action might have been brought in another forum if, at the time the action was originally filed, the transferee court would have had subject matter jurisdiction and personal jurisdiction over the defendant[], and if venue would have been proper in the transferee court.").

As discussed herein, Plaintiff could have commenced suit against Mr. Shader in the Southern District of Florida because he is subject to the Southern District of Florida's general

personal jurisdiction and venue would be proper there. The Southern District of Florida also possesses subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1). Also, pursuant to 28 U.S.C. § 1332(a)(1), the Southern District of Florida has original jurisdiction over the state court action. *See* Notice of Removal, ECF 1 ¶¶ 11-17.

By moving to transfer venue of this action, Mr. Shader has "impliedly consented to personal jurisdiction" in the Southern District of Florida. *Nuss*, 2021 WL 1791593, at *2. Plaintiff therefore could have been brought this action in the Southern District of Florida.

### B. Transfer of this Action to the Southern District of Florida is Appropriate.

The second part of the inquiry pursuant to Section 1404(a) requires a court to determine "whether convenience of the parties and witnesses and the interests of justice favor transfer." *CVS Pharmacy, Inc. v. AstraZeneca Pharms. L.P.*, No. 19 Civ. 9999 (CM), 2020 WL 4671659, at *4 (S.D.N.Y. Aug. 12, 2020). Courts generally consider the following factors when determining whether to grant a motion to transfer venue:

> (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, and (7) the relative means of the parties.

*N.Y. Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*, 599 F.3d 102, 112 (2d Cir. 2010). Courts in this district have also considered "(8) the forum's familiarity with the governing law, and (9) trial efficiency and the interest of justice." *Fellus v. Sterne, Agee & Leach, Inc.*, 783 F. Supp. 2d 612, 618 (S.D.N.Y. 2011). "There is no rigid formula for balancing these factors and no single one of them is determinative. Instead, weighing the balance 'is essentially an equitable task' left to the Court's discretion." *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 561 (S.D.N.Y. 2000) (citation omitted) (quoting *First City Nat'l Bank & Tr. Co. v. Simmons*, 878 F.2d 76, 80 (2d Cir. 1989)). The moving party bears the burden of making "a clear and convincing showing that the balance of convenience favors defendant['s] [forum] choice." *MasterObjects, Inc. v. Amazon.com, Inc.*, No. 20 Civ. 3478 (PKC), 2020 WL 6075528, at *1 (S.D.N.Y. Oct. 15, 2020) (first alteration in original).

Here, at least four factors favor transfer of venue to the Southern District of Florida: (1) the locus of operative facts, (2) the convenience of witnesses, (3) the availability of process to compel the attendance of unwilling witnesses, and (4) trial efficiency and the interest of justice.

### 1. The Locus of Operative Facts.

"The locus of operative facts is a primary factor in determining whether to transfer venue." *Steck v. Santander Consumer USA Holdings Inc.*, No. 14-CV-6942 (JPO), 2015 WL 3767445, at *6 (S.D.N.Y. June 17, 2015) (internal quotation marks and citation omitted).

As noted herein, the Complaint is replete with allegations that occurred in Florida. Because many of the Complaint's allegations occurred either in Mr. Shader's home in Florida or at his business in Florida, this factor weighs in favor of transfer.

### 2. The Convenience of Witnesses.

The convenience of parties and witnesses is considered a crucial component under the venue statute. *See In re Nematron Corp. Sec. Litig.*, 30 F. Supp. 2d 397, 400 (S.D.N.Y. 1998). Courts often cite the convenience of the witnesses as the most important factor in their analysis. *See, e.g.*, *Tlapanco v. Elges*, 207 F. Supp. 3d 324, 329 (S.D.N.Y. 2016); *Herbert Ltd. P'ship v. Elec. Arts Inc.*, 325 F. Supp. 2d 282, 286 (S.D.N.Y. 2004).

Should this action remain venued in the Southern District of New York, upon information and belief, a majority of Mr. Shader's witnesses would be required to travel from Florida to New York to provide their testimony at trial. Thus, this factor weighs in favor of transferring this action to the Southern District of Florida.

### 3. The Availability of Process to Compel Unwilling Witnesses.

A district court generally cannot issue a subpoena that would compel a non-party witness to travel more than 100 miles or out of state. *See* Fed. R. Civ. P. 45(c)(1)(A); *Guardian Life Ins. Co. of Am. v. Coe*, 724 F. Supp. 3d 206, 215 (S.D.N.Y. 2024). Upon information and belief, a majority of the anticipated witnesses on behalf of Mr. Shader reside in Florida and therefore they are outside the subpoena power of the Southern District of New York. Accordingly, this factor weighs in favor of transfer.

### 4. Trial Efficiency and the Interest of Justice.

This Court's consideration of whether the transfer of this action is in the interest of justice is "based on the totality of the circumstances, and relates primarily to issues of judicial economy[.]" *Indian Harbor Ins. Co. v. Factory Mut. Ins. Co.*, 419 F. Supp. 2d 395, 407 (S.D.N.Y. 2005) (internal quotation marks and citations omitted). This Court may consider the procedural posture of the action. *See, e.g.*, *Richardson v. Nat'l R.R. Passenger Corp.*, No. 21-CV-09202 (VEC), 2022 WL 3701492, at *6 (S.D.N.Y. Aug. 26, 2022); *Royal & Sun All. Ins., PLC v. Nippon Express USA, Inc.*, 202 F. Supp. 3d 399, 411 (S.D.N.Y. 2016) ("When a case is in its earliest stages, it is generally not inefficient to transfer the case.").

Plaintiff filed the Complaint in the Supreme Court of the State of New York, County of New York. Notice of Removal, ECF 1-2, Ex. B. Mr. Shader timely removed this action on January 24, 2025. Notice of Removal, ECF 1. Mr. Shader has not yet answered, moved, or otherwise responded to the Complaint. This action is "in its infancy," *Steck*, 2015 WL 3767445, at *9, and therefore it would not be inefficient for this Court to transfer the action to the Southern District of Florida. *See YLD Ltd. v. Node Firm, LLC*, No. 15-CV-0855 (JPO), 2016 WL 183564, at *4 (S.D.N.Y. Jan. 14, 2016) ("Given that this case has not proceeded past a dispositive motion, there is no lost efficiency in transferring the case to a different judge.").

Judge P. Kevin Castel
February 18, 2025
Page 7

The interest of justice also warrants transfer because, as set forth herein, the Complaint alleges events that occurred in Mr. Shader's home or at his business, both which are located in Florida. Both trial efficiency and the interest of justice support transfer of this action.

### 5. Location of Documents and Forum's Familiarity with Governing Law.

In light of the Complaint's allegations, this Court may consider the location of documents and the forum's familiarity with the governing law as neutral factors. *See Guardian Life,* 724 F. Supp. 3d at 215-16. Mr. Shader plans to address the remaining factors of the Section 1404(a) analysis in the motion to transfer venue.

### III. Conclusion

Plaintiff cannot meet her burden to show that venue is proper in this District under 28 U.S.C. § 1391(b) and therefore the Complaint should be dismissed under Federal Rule of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a) for improper venue.

In the alternative, the transfer of this action from this District to the Southern District of Florida is appropriate pursuant to 28 U.S.C. § 1404(a) because at least four factors favor transfer of venue to the Southern District of Florida.

### IV. The Proposed Briefing Schedule for the Motion to Transfer Venue

Mr. Shader respectfully requests permission to file a motion to dismiss for improper venue or, in the alternative, to transfer venue of this action from this District to the Southern District of Florida ("**Motion**"). Mr. Shader proposes the following schedule:

- The Motion to be filed on or before March 18, 2025 (or four weeks from this Court's order, whichever is later);

- Plaintiff's opposition to the Motion to be filed on or before April 18, 2025 (or four weeks after Mr. Shader files the Motion);

- The reply in support of the Motion to be filed on or before May 2, 2025 (or two weeks after Plaintiff files her opposition to the Motion).

Pursuant to Rule 3.A(iv) of this Court's Individual Practices, Mr. Shader's request to file a motion dismissing this action for improper venue pursuant to Federal Rule of Civil Procedure 12(b)(3) stays the date of February 23, 2025 for him to answer, move, or otherwise respond to the Complaint.

Thank you for your consideration.

Judge P. Kevin Castel
February 18, 2025
Page 8

                                        Respectfully,
                                        Carlton Fields, P.A.

                                        /s/ Natalie A. Napierala
                                        Natalie A. Napierala

cc:  All parties of record