UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
JANE DOE,

                    Plaintiff,


                                                    25-cv-748 (PKC)

            -against-                        OPINION AND ORDER


COREY SHADER,

                    Defendant.
------------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Jane Doe has sued defendant Corey Shader for intentional infliction of emotional distress, battery, and assault, alleging numerous instances of physical, verbal, and sexual abuse over the course of their nearly 18-month-long relationship. (See ECF 1-2.) Doe filed her complaint in New York County Supreme Court on December 17, 2024 under a pseudonym. (Id.) Doe removed the action to this District on January 24, 2025. (ECF 1.) Doe now moves for an order permitting her to proceed pseudonymously or, in the alternative, to proceed under seal. (ECF 39.) Her application is supported by an affirmation of her counsel, Edward V. Sapone, detailing Doe's fears of retaliation if she is not permitted to proceed pseudonymously. (ECF 44.) Shader opposes the motion. (ECF 41.) For the reasons that follow, Doe's motion will be denied.

        Rule 10(a), Fed. R. Civ. P. requires that the title of a complaint name all the parties to a litigation. This requirement "serves the vital purpose of facilitating public scrutiny of judicial proceedings and therefore cannot be set aside lightly." Sealed Plaintiff v. Sealed

_Defendant_, 537 F.3d 185, 188-89 (2d Cir. 2008).  In _Sealed Plaintiff_, the Second Circuit "set

forth a balancing test under which courts should weigh 'the plaintiff's interest in anonymity'

against 'both the public interest in disclosure and any prejudice to the defendant'" when

assessing a party's request to proceed under a pseudonym.  _United States v. Pilcher_, 950 F.3d 39,

42 (2d Cir. 2020) (per curiam) (quoting _Sealed Plaintiff_, 537 F.3d at 189).  That balancing test

identified ten "non-exhaustive" factors:

> (1) whether the litigation involves matters that are highly sensitive and of a personal
> nature; (2) whether identification poses a risk of retaliatory physical or mental harm
> to the party seeking to proceed anonymously or even more critically, to innocent
> non-parties; (3) whether identification presents other harms and the likely severity
> of those harms, including whether the injury litigated against would be incurred as
> a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is
> particularly vulnerable to the possible harms of disclosure particularly in light of
> his age; (5) whether the suit is challenging the actions of the government or that of
> private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to
> press his claims anonymously, whether the nature of the prejudice (if any) differs
> at any particular stage of the litigation, and whether any prejudice can be mitigated
> by the district court; (7) whether the plaintiff's identity has thus far been kept
> confidential; (8) whether the public's interest in the litigation is furthered by
> requiring the plaintiff to disclose his identity; (9) whether, because of the purely
> legal nature of the issues presented or otherwise, there is an atypically weak public
> interest in knowing the litigants' identities; and (10) whether there are any
> alternative mechanisms for protecting the confidentiality of the plaintiff.

_Sealed Plaintiff_, 537 F.3d at 190 (internal quotation marks, brackets, ellipses, and citations

omitted).  A court "is not required to list each of the factors or use any particular formulation as

long as it is clear that the court balanced the interests at stake in reaching its conclusion."  _Id._ at

191 n.4.  "The presumption is that a plaintiff will disclose her identity."  _Doe v. Alexander_, 25-cv-

2107 (LJL), 2025 WL 1126617, at *2 (S.D.N.Y. Apr. 16, 2025).  "[P]seudonyms are the exception

and not the rule, and in order to receive the protections of anonymity, a party must make a case

rebutting that presumption."  _Pilcher_, 950 F.3d at 45.

The first and seventh factors of _Sealed Plaintiff_ favor Doe.  There is no question

that her allegations of physical, verbal, and sexual abuse by Shader, including alleged instances of

- 2 -

rape, are serious and qualify as "matters that are highly sensitive and of a personal nature." (See, e.g., ECF 1-2 ¶¶ 46-55.) Indeed, "[a]llegations of sexual assault are 'paradigmatic example[s]' of highly sensitive and personal claims and thus favor a plaintiff's use of a pseudonym." Rapp v. Fowler, 537 F. Supp. 3d 521, 528 (S.D.N.Y. 2021) (citations omitted). Regarding whether Doe's identity has thus far been kept confidential, while Doe has acknowledged that her identity is known to Shader (ECF 39-2 at 7), there is no evidence that Doe's identity has been disclosed to the public. This factor therefore also favors Doe's use of a pseudonym. See Doe v. Freydin, 21-cv-8371 (NRB), 2021 WL 4991731, at *3 (S.D.N.Y. Oct. 27, 2021) (finding that the seventh factor weighed in plaintiff's favor where only the defendants, not the general public, knew her identity).

Nevertheless, courts in this Circuit have recently held that the conjunction of factors one and seven alone is not dispositive, even when allegations of sexual assault are involved. See, e.g., Doe v. Combs, 24-cv-8852 (JPC), 2025 WL 950685, at *2 (S.D.N.Y. Mar. 28, 2025). Here, the remaining Sealed Plaintiff factors weigh against granting Doe's motion.

The second and third factors address the potential harm to the plaintiff and non-parties if the plaintiff's identity were disclosed. As to possible retaliation by Shader upon disclosure, Sapone's affirmation details Doe's concerns of retaliation against her and those close to her based on troubling threats allegedly made by Shader and others associated with him. (See ECF 44.) Given that Shader already knows Doe's identity and can share both that fact and the fact of this litigation with others, allowing Doe to proceed pseudonymously would not serve to protect her or any non-parties from retaliation. See Freydin, 2021 WL 4991731, at *2 (stating that an argument based on potential retaliation had "no purchase where, as here, the defendants already know the plaintiff's identity"); Doe v. United States, 16-cv-7256 (JGK), 2017 WL 2389701, at *3 (S.D.N.Y. June 1, 2017) (explaining that "permitting the plaintiff to proceed anonymously would

do nothing to protect him from future retaliatory actions" because the defendant was aware of his identity). Moreover, while the Court credits Doe's concerns, she has failed to link the disclosure of her identity to a specific, "incremental" physical or mental injury. <u>Freydin</u>, 2021 WL 4991731, at *2. Shader's alleged threats of retaliation by-and-large are tied to Doe going public with her allegations of abuse, which she has already done by filing her complaint. (<u>See</u> ECF 44 ¶¶ 8, 14, 16, 17.) Although Doe also fears that Shader will "engage in a campaign to upload and otherwise disseminate online" documents from this case with her name on them, (<u>id.</u> ¶ 4), "a plaintiff's concerns about 'public humiliation and embarrassment' generally are 'not sufficient grounds for allowing [her] to proceed anonymously.'" <u>Doe v. Weinstein</u>, 484 F. Supp. 3d 90, 95 (S.D.N.Y. 2020) (citation omitted). And while Doe understandably fears that she "is likely to suffer the indignity and embarrassment that often attend being a victim of these detailed, intimate, and explicit crimes," (ECF 39-2 at 6), these are insufficiently "generic allegations" that "may be applicable to any litigant bringing a sexual assault claim." <u>Alexander</u>, 2025 WL 1126617, at *3. The second and third factors therefore weigh against Doe.

Concerning the fourth factor, "courts have been readier to protect the privacy interest of minors in legal proceedings than of adults." <u>Id.</u> (citation omitted). Doe is an adult and apparently was an adult throughout her relationship with Shader. Under the fifth <u>Sealed Plaintiff</u> factor, courts in this Circuit have recognized that unlike in suits against the government, "suits against private parties 'may cause damage to their good names and reputations,' among other things." <u>Doe v. Skyline Automobiles Inc.</u>, 375 F. Supp. 3d 401, 406 (S.D.N.Y. 2019) (citation omitted). Shader, as a private party, has "a substantial interest in maintaining [his] good name and reputation, particularly in light of the allegations in Plaintiff's Complaint." <u>Id.</u> Accordingly, the fourth and fifth factors weigh in favor of denying anonymity.

The sixth factor considers potential prejudice to the defendant by allowing the plaintiff to press her claims anonymously. Under this factor, "courts look at the damage to a defendant's reputation caused by the anonymous proceeding, the difficulties in discovery, as well as at the fundamental fairness of proceeding in this manner." Alexander, 2025 WL 1126617, at *3. Doe contends that her request will not prejudice Shader because he knows her identity and "will have ample opportunity to investigate and respond to Plaintiff's claims through the regular discovery process." (ECF 39-2 at 7.) Doe's requested order would prohibit the parties, their attorneys, and their agents from publishing or disclosing her true identity, but "Shader and his counsel [would not be] restricted from using the Plaintiff's name or Personal Identifying Information . . . in this litigation in any manner not inconsistent with this Order, including, but not limited to, in connection with investigation and fact-finding, communicating with potential witnesses, discovery, and negotiations (including mediation and/or arbitration)." (ECF 39-1 at 2-3.) But with her name kept from the public, there may be a resulting asymmetry in the information that comes to light about the parties, namely that "persons with information about [Plaintiff] or [her] allegations that would be helpful to the defense but were unknown to the defendant might not come forward." Alexander, 2025 WL 1126617, at *3 (citation omitted). "This asymmetry . . . not only would prejudice [Defendant], but would hinder 'the judicial interest in accurate fact-finding and fair adjudication.'" Id. (citation omitted). Where, as here, a plaintiff "levies serious, reputation-threatening accusations" against a defendant, courts in this Circuit "have found that defending against such allegations publicly, while a plaintiff is permitted to make her 'accusations from behind a cloak of anonymity,' is prejudicial." Freydin, 2021 WL 4991731, at *3 (citation omitted). In turn, the sixth Sealed Plaintiff factor also weighs against Doe.

The eighth factor weighs in favor of Shader as well. This factor "asks whether disclosure of the plaintiff's name would enhance the public's understanding of the proceedings and the nature of the dispute." Alexander, 2025 WL 1126617, at *4. This is a case that "turns on the credibility of parties who may be the only witnesses to a contested event." Id. In such a case, "the public has a significant interest in open judicial proceedings and the public's interest in the litigation is furthered by transparency, including exposure of the parties' identities." Id. (citation omitted). Turning to factor nine, this is not a case involving purely legal issues that would result in atypically weak public interest in knowing the parties' identities. Doe's claims are factual in nature, which weighs against her remaining anonymous. They also involve sexual assault, which courts have recognized is the type of issue that "further[s] the public's interest in enforcing legal and social norms." Skyline Automobiles, 375 F. Supp. 3d at 408 (citation omitted). Lastly, as to factor ten, there do exist alternative mechanisms for protecting particularly sensitive and marginally relevant information that may arise in the discovery process, such as a confidentiality order. Thus, the eighth, ninth, and tenth factors weigh against Doe.

CONCLUSION

The Court concludes that the balance of interests at stake weigh against granting Doe's motion to proceed pseudonymously or, in the alternative, to proceed under seal. On balance, Doe has not rebutted the presumption in favor of disclosure of her identity. Accordingly, Doe's motion is DENIED. Doe shall file a complaint in her own name by May 30, 2025, or this action will be dismissed. The Clerk of Court is respectfully directed to terminate the pending motions at ECF 39 and ECF 40.

SO ORDERED.

P. Kevin Castel
United States District Judge

Dated: New York, New York
       May 19, 2025