UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
SHEMAIAH FORD,

                Plaintiff,                    25-cv-748 (PKC)

       -against-                    OPINION AND ORDER

COREY SHADER,

                Defendant.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

Defendant Corey Shader has moved to dismiss this diversity action for improper venue under Rule 12(b)(3), Fed. R. Civ. P., and 28 U.S.C. § 1406(a), or, in the alternative, to transfer venue to the Southern District of Florida under 28 U.S.C. § 1404(a). Plaintiff Shemaiah Ford opposes the motion. For the reasons set forth below, the motion is denied.

BACKGROUND

Ford filed suit against Shader in New York County Supreme Court on December 17, 2024, asserting claims for assault, battery, and intentional infliction of emotional distress. (ECF 1 ¶ 1.) The Complaint details repeated physical, verbal, and sexual abuse over the course of the parties' nearly 18-month-long relationship. (See ECF 51 ¶¶ 1-14.) The alleged abuse occurred largely in Fort Lauderdale, Florida, where Ford lived with Shader and worked as an employee at his company, with other incidents on trips to the Dominican Republic, the Bahamas, and New York. (See id. ¶¶ 24, 40-41, 61-62, 69.) During the parties' trip to New York, "Shader insisted that Ms. Ford invite a woman with whom Shader wanted to have a threesome back to the

Mark Hotel. After Ms. Ford refused, Shader became enraged, proceeding to repeatedly strike Ms. Ford in the face and slam her head against the window of the Uber car[.]" (Id. ¶ 69.)

Shader removed the action to this District on January 24, 2025. (ECF 1 at 7.) Ford is domiciled in New York and resides in New York County, New York, (ECF 1 ¶ 14; ECF 21 at 8), while Shader is domiciled in Florida and resides in Fort Lauderdale, Florida, (ECF 1 ¶ 16; ECF 19 at 17.)[1]

DISCUSSION

I.  Motion to Dismiss for Improper Venue

Shader moves to dismiss the action for improper venue. Ordinarily, the general federal venue statute, 28 U.S.C. § 1391, governs the propriety of venue. Upon a finding of improper venue, a court may either dismiss the action or transfer it in the interest of justice to another district in which it could originally have been brought. See 28 U.S.C. § 1406(a); Rule 12(b)(3).

Because this case was removed from state court, however, the federal removal statute controls, 28 U.S.C. § 1441. As the Second Circuit explained, "a party may challenge removal as itself improper, or as having been made to the wrong district court if the case was removed to a district court other than that 'embracing' the state court in which the action was brought, but one may not challenge venue in the district court . . . as if the case had originally been brought there." PT United Can Co. v. Crown Cork & Seal Co., 138 F.3d 65, 72 (2d Cir. 1998).

---

[1] In a separate Order, the Court will require each party to submit an affidavit attesting to their domicile.

- 2 -

Shader removed this action from the New York County Supreme Court. (ECF 19 at 8.) The parties do not dispute that this is the District "embracing" that court. See 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed . . . to the district court of the United States for the district and division embracing the place where such action is pending."). Venue here is thus proper under section 1441(a), and the Court need not analyze the parties' arguments under section 1391(b).

II.    Motion to Transfer Venue

Section 1404(a) provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a). Thus, "[d]eciding a § 1404(a) motion to transfer venue 'requires a two-part inquiry: first, whether the action to be transferred might have been brought in the transferee court; and second, whether considering the convenience of the parties and witnesses, and the interest of justice, a transfer is appropriate.'" AGCS Marine Insurance Co. v. Associated Gas & Oil Co., Ltd., 775 F. Supp. 2d 640, 645 (S.D.N.Y. 2011) (Marrero, J.) (quoting Fuji Photo Film Co., Ltd. v. Lexar Media Inc., 415 F. Supp. 2d 370, 373 (S.D.N.Y. 2006) (McMahon, J.)). The burden lies with the movant, and it is "appropriate" to require the movant to demonstrate the desirability of transfer by clear and convincing evidence. New York Marine & General Insurance Co. v. Lafarge North America, Inc., 599 F.3d 102, 113-14 (2d Cir. 2010) (collecting cases).

      A.      <u>Propriety of the Transferee Forum</u>

First, an action "might have been brought" in another forum if venue would have been proper there and the defendant would have been amenable to personal jurisdiction there when the action was initiated.  <u>See</u> <u>Hoffman v. Blaski</u>, 363 U.S. 335, 344 (1960).  This action might have been brought in the Southern District of Florida because Shader is domiciled there.  <u>See</u> 28 U.S.C. § 1391(b)(1); <u>Goodyear Dunlop Tires Operations, S.A. v. Brown</u>, 564 U.S. 915, 924 (2011).

      B.      <u>Factors Governing Transfer</u>

Courts next consider the following factors: "(1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, [and] (7) the relative means of the parties."  <u>D.H. Blair & Co., Inc. v. Gottdiener</u>, 462 F.3d 95, 106-07 (2d Cir. 2006) (quoting <u>Albert Fadem Trust v. Duke Energy Corp.</u>, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002) (Rakoff, J.)) (alteration in <u>D.H. Blair</u>).  Other commonly used factors include "the forum's familiarity with the governing law" and "trial efficiency and the interests of justice."  <u>Everlast World's Boxing Headquarters Corp. v. Ringside, Inc.</u>, 928 F. Supp. 2d 735, 743 (S.D.N.Y. 2013) (Engelmayer, J.).  The district court has broad discretion in balancing these factors.  <u>D.H. Blair</u>, 462 F.3d at 106.

1.     Ford's Choice of Forum

A plaintiff's choice of forum is usually accorded "great weight." See id. at 107. Where, however, the plaintiff does not reside in the chosen forum or the forum does not have a meaningful connection to the operative facts of the action, that weight diminishes. E.g., Zepherin v. Greyhound Lines Inc., 415 F. Supp. 2d 409, 411 (S.D.N.Y. 2006) (Marrero, J.).

Shader's primary argument against deferring to Ford's preference for litigating in this District is that the operative facts of the case occurred in Florida rather than New York, a point that will be addressed separately.

Shader suggests Ford is entitled to less deference under this factor because it was his removal of the case that brought it to this District. This consideration, however, has not been universally adopted in this District, and, on these facts, the Court declines to follow it. A "[p]laintiff's choice of forum is given deference because it is presumed to be a convenient geographic location in which to litigate. That presumption is no less valid when, as here, the plaintiff files suit in state court and the defendant later removes the case to a federal court in the same venue." Oubre v. Clinical Supplies Management, Inc., 05-cv-2062, 2005 WL 3077654, at *6 (S.D.N.Y. Nov. 17, 2005) (Stanton, J.). The nature of the allegations is such that a reasonable plaintiff would likely have a strong interest in the geographic location of the suit.

Shader also cites case law giving less weight to the plaintiff's choice of forum "in the transfer context than in a *forum non conveniens* motion, since a transfer motion does not seek dismissal of the complaint." Penrose v. New York Life Insurance Co., 22-cv-2184, 2023 WL 6198249, at *6 (S.D.N.Y. Sept. 22, 2023) (Cronan, J.) (quoting Jones v. United States, 02-cv-1017, 2002 WL 2003191, at *3 (E.D.N.Y. Aug. 26, 2002)). While the weight accorded on a transfer motion may be somewhat less than on a dismissal motion, Ford's choice is entitled to

deference.  See A. Olinick & Sons v. Dempster Brothers, Inc., 365 F.2d 439, 444 (2d Cir. 1966) ("The plaintiff's choice of venue is still entitled to substantial consideration, although not so much upon a motion to transfer under 28 U.S.C. 1404(a) as upon a motion to dismiss for forum non conveniens[.]"); D.H. Blair, 462 F.3d at 107 (giving "great weight" to plaintiff's choice of forum in section 1404(a) analysis).

Finally, Shader argues that Ford is forum shopping.  (ECF 19 at 23.)  The Court disagrees.  Ford resides in this District, which is a "legitimate reason[]" for choosing it.  See Tomita Technologies USA, LLC v. Nintendo Co., 818 F. Supp. 2d 770, 772 (S.D.N.Y. 2011) (Rakoff, J.).

Because Ford resides here and the Court finds below that the Southern District of New York is a locus of operative facts, Ford's choice of forum is entitled to deference.

2. Locus of Operative Facts

"To determine where the locus of operative facts lies, courts look to 'the site of events from which the claim arises.'"  Guccione v. Harrah's Marketing Services Corp., 06-cv-4361, 2009 WL 2337995, at *8 (S.D.N.Y. July 29, 2009) (Leisure, J.) (quoting 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 134 (S.D.N.Y. 1994) (Leisure, J.)).  Courts have concluded that there may be more than one locus of operative facts for the purposes of section 1404(a) venue analysis.  See, e.g., Kwatra v. MCI, Inc., 96-cv-2491, 1996 WL 694444, at *3 (S.D.N.Y. Dec. 4, 1996) (Chin, J.) (determining two loci of operative facts existed where alleged discrimination occurred in both Washington, D.C. and Virginia).

Here, Ford alleges Shader's wrongful conduct occurred in both Florida and New York.  Most of Ford's allegations involve events in Florida.  But important events that bear

directly on Ford's claims also occurred in New York. Shader's verbal and physical assault of Ford in Manhattan was "one of [her] most physically violent encounters with Mr. Shader." (ECF 21 at 16.) The Court therefore finds New York and Florida are each a locus of operative facts.

The cases Shader cites are readily distinguishable. This is not a case, like <u>Coker v. Bank of America</u>, 984 F. Supp. 757 (S.D.N.Y. 1997) (Keenan, J.), where no relevant events occurred in the transferor forum. Nor is it a case where the substance of the claims is only tenuously connected to the transferor district. <u>See, e.g.</u>, <u>United States Securities & Exchange Commission v. Kearns</u>, 09-cv-2296, 2009 WL 2030235, at *4 (S.D.N.Y. July 14, 2009) (Cote, J.) (finding it insufficient to avoid transfer of financial fraud case out of New York that shares of the company employing defendants traded on the NASDAQ stock exchange). While a quantitative evaluation is appropriate, the locus determination is not susceptible to a mathematical formula, and a qualitative analysis is at least as important, if not more so. See <u>Hall v. South Orange</u>, 89 F. Supp. 2d 488, 494 (S.D.N.Y. 2000) (Parker, J.) (noting that the "majority of events" occurred in the transferee district but considering all relevant factors in the decision to transfer).

In sum, the Court does not find that the locus of operative facts factor militates toward transfer.

        3.    <u>Convenience of Witnesses and Availability of Process to Compel Unwilling Witnesses</u>

Courts often hold that the convenience of the witnesses is the most important factor in considering a section 1404(a) motion. <u>See, e.g.</u>, <u>CYI, Inc. v. Ja-Ru, Inc.</u>, 913 F. Supp. 2d 16, 22 (S.D.N.Y. 2012) (Nathan, J.). The movant "must clearly specify the key witnesses to be called and must make a general statement of what their testimony will cover." <u>Walker v. Jon Renau Collection, Inc.</u>, 423 F. Supp. 2d 115, 117 (S.D.N.Y. 2005) (Daniels, J.).

Shader asserts that "a majority" of his witnesses are in Florida. (ECF 19 at 24.) He also refers to non-parties, "including medical professionals, such as Plaintiff's chiropractor, who, from the face of the Complaint, appear to reside in Florida[,]" whom he expects could be witnesses for either party. (Id.) Given that Shader "fail[ed] to clearly specify the key witnesses to be called[,]" his assertions "are an insufficient basis upon which to grant a change of venue[.]" Wistron Neweb Corp. v. Genesis Networks Telecom Services, LLC, 22-cv-2538, 2022 WL 17067984, at *6 (S.D.N.Y. Nov. 17, 2022) (Liman, J.) (quoting In re Collins & Aikman Corp. Securities Litigation, 438 F. Supp. 2d 392, 395 (S.D.N.Y. 2006) (Mukasey, J.)).

Nor has Shader convincingly demonstrated that any of these individuals "are, in fact, unwilling to testify in New York should the case remain here[.]" See CYI, Inc., 913 F. Supp. 2d at 25. Accordingly, his conclusion is "entitled to little weight[,]" and this factor is neutral. See id.

4. Location of Relevant Documents and Relative Ease of Access to Sources of Proof

"The location of relevant documents and the ease of access to sources of proof is mostly a neutral factor, in light of 'the technological age in which we live, where there is widespread use of, among other things, electronic document production.'" Tlapanco v. Elges, 207 F. Supp. 3d 324, 330-31 (S.D.N.Y. 2016) (Nathan, J.) (quoting Rindfleisch v. Gentiva Health Systems, Inc., 752 F. Supp. 2d 246, 258 (E.D.N.Y. 2010)). The parties agree that the evidence in the case is likely to be electronic. These factors are therefore neutral.

5.      Convenience and Relative Means of the Parties

"The parties' convenience becomes a neutral factor in the transfer analysis if transferring venue would merely shift the inconvenience to the other party." AIG Financial Products Corp. v. Public Utility District No. 1 of Snohomish County, Washington, 675 F. Supp. 2d 354, 370 (S.D.N.Y. 2009) (McKenna, J.) (quoting Beatie & Osborn LLP v. Patriot Scientific Corp., 431 F. Supp. 2d 367, 396 (S.D.N.Y. 2006) (Leisure, J.)).  Shader resides in the Southern District of Florida while Ford resides in the Southern District of New York.  Either venue would require one party to travel.  This factor is thus also neutral.

The relative means of the parties may "support or discourage transfer of venue if there is a significant financial disparity between" them. Herbert Limited Partnership v. Electronic Arts Inc., 325 F. Supp. 2d 282, 290 (S.D.N.Y. 2004) (Marrero, J.).  Ford states that there is a difference in means between herself and Shader because paying for lodging, food, and travel to Florida would be financially burdensome for her.  (ECF 21 at 24.)  Since Ford did not offer supporting evidence on this point, "this is not a significant factor to be considered." Michaels v. Drexler, 20-cv-1776, 2020 WL 6825692, at *5 (S.D.N.Y. Nov. 20, 2020) (Abrams, J.) (quoting American Eagle Outfitters, Inc. v. Tala Brothers Corp., 457 F. Supp. 2d 474, 478 (S.D.N.Y. 2006) (Sweet, J.)).

6.      The Forum's Familiarity with the Governing Law

The parties do not dispute that the action is governed by New York law.  The District Court for the Southern District of Florida is capable of applying New York law and it does not appear that the issues of law presented in this case are particularly complex or novel.  That said, it is also the case that this Court is frequently called upon to apply New York law and

is familiar with it. For that reason, the fact that Ms. Ford's claims are governed by New York law weighs against transfer, although only slightly. See, e.g., Everlast, 928 F. Supp. 2d at 747 (noting forum's familiarity with New York law favors keeping the case in this District, but that this fact "merits little weight").

### 7. Trial Efficiency and the Interests of Justice

The interests of justice "relate[] primarily to issues of judicial economy." Dostana Enterprises LLC v. Federal Express Corp., 00-cv-0747, 2000 WL 1170134, at *7 (S.D.N.Y. Aug. 16, 2000) (Sweet, J.). Shader posits that it would not be inefficient to transfer this action to the Southern District of Florida because the parties remain in the early stages of litigation. (ECF 19 at 25-26.) He does not explain, however, how doing so would actively promote efficiency. Shader also reiterates that more of the Complaint's allegations occurred in Florida than New York but does not address how that observation bears on the interests of justice. These factors are thus neutral.

CONCLUSION

Because the motion to dismiss is erroneously premised on the law governing venue in non-removed cases and Shader did not meet his burden in showing transfer is merited, the motion to dismiss or, in the alternative, to transfer venue is DENIED. The Clerk is respectfully directed to terminate the pending motions at ECF 18 and ECF 24.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated:   New York, New York
         November 26, 2025